# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sabrina Hager, your affiant, being duly sworn, state as follows:

1. I am a Special Agent with the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since August 2007. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy's Special Agent Basic Training program. I am a Federal Law Enforcement Officer as defined in Rule 41. As such, I am authorized and have the responsibility to investigate and arrest persons for violations of Federal law.

2. I am currently assigned to the Lexington I Field Office in the Louisville Field Division. During my tenure with ATF, I have conducted investigations into the violations of Federal Law, including firearm and controlled substance laws, as well as various other federal violations related to violent criminal activities committed by individuals, groups and gangs. Additionally, I have worked and consulted with others who have experience in related investigations.

3. This affidavit is being submitted in support of a criminal complaint. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that on December 13, 2025, DARYL R. STEWART, herein after STEWART, committed the violation of Federal Criminal Code:

a. Title 18, United States Code, Section 922(g)(1), relating to the possession of a firearm or ammunition by a convicted felon, referred to herein as the "Target Offense."

   b. Specifically, 18 U.S.C. § 922(g)(1), in relevant part, prohibits any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to knowingly possess, in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

4. I am familiar with the facts of this case. The information in this Affidavit is based on my personal investigation, as well as information imparted on me by the other law enforcement officers involved in this investigation. Additionally, the information set forth below is not a complete recitation of all the facts known in this entire investigation. Rather, it is specific information that I believe supports probable cause for the issuance of the requested warrant.

## PROBABLE CAUSE

5. On Saturday, December 13, 2025, officers with the Nicholasville Police Department ("NPD") were dispatched to a collision in the area of US Hwy 27 and Elizabeth Drive in Nicholasville, located in Jessamine County in the Eastern District of Kentucky. Dispatch further advised that the driver of the vehicle had been observed with a firearm in his front waistband.

6. Upon arrival, officers made contact with a male driver, identified as STEWART, as he was exiting a vehicle that had veered off the road and struck a masonry pillar. STEWART ignored officers' instruction to show his hands and began to back away from them while speaking on his cell phone. Officers approached STEWART and asked if he was in

possession of a firearm. STEWART indicated that he was not, then turned away from officers and reached toward his front waistband. At that time, officers attempted to detain STEWART who resisted. Additional officers arrived on scene to assist. STEWART continued to resist and reached for his waistband. STEWART was then assisted to the ground and placed under arrest. During the search of his person, officers located a handgun, identified as a Glock, Model: 20, Cal.: 10mm, pistol, bearing serial number BNNN338, loaded with an extended magazine.

7. After conducting a database check, officers identified STEWART as being a person prohibited from possessing firearms due to having previously been convicted of a felony punishable by more than one year in prison. Specifically, STEWART's criminal history includes the following Kentucky felony offenses:

    a. Receiving Stolen Property (Firearm) and Felon in Possession of a Firearm by final judgment of the Fayette Circuit Court, Case No. 18-CR-00236-003, in or about November of 2018 for which he received a total sentence of five (5) years imprisonment; and

    b. Tampering with Physical Evidence by final judgement of the Fayette Circuit Court, Case No. 17-CR-00448, in or about February of 2018 for which he received a one (1) year sentence of imprisonment

8. Your affiant has conferred with a resident ATF Nexus Expert who confirmed that the aforementioned Glock firearm was not manufactured in the Commonwealth of Kentucky and, therefore, would have traveled in interstate commerce prior to STEWART's possession.

9. Based on all the information contained above, your affiant has probable and reasonable cause to believe that STEWART, a felon, possessed a firearm, in violation of 18U.S.C. § 922(g)(1).

10. I state that the above information is true and correct to the best of my knowledge, and requests that this Criminal Complaint and corresponding arrest warrant be issued.

/s/ Sabrina G. Hager
Sabrina G. Hager, Special Agent
Bureau of Alcohol, Tobacco,
Firearms & Explosives

Sworn to before me this 16th day of December, 2025.

Honorable Matthew A. Stinnett
United States Magistrate Judge
Eastern District of Kentucky